UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

UNITED STATES OF AMERICA

vs.

RUBEN DARIO RODRIGUEZ-CAMPOMANES
Defendant.
_____/

FILED by _____ D.C.
MAG. SEC.
JAN 7 - 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

## CRIMINAL COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ____ Yes   _X_ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999?  ____ Yes   _X_ No

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
DARRIN P. GAYLES
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 992630
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9322
FAX (305) 530-7976
Darrin.Gayles@usdoj.gov

AO 91 (Rev. 5/85) Criminal Complaint    AUSA D. GAYLES

# United States District Court

__SOUTHERN__ DISTRICT OF __FLORIDA__

UNITED STATES OF AMERICA

V.

RUBEN DARIO RODRIGUEZ-CAMPOMANES

**CRIMINAL COMPLAINT**

CASE NUMBER:

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about January 7, 2000, at Miami-Dade County in the Southern District of Florida and elsewhere, the above defendant, an alien, was found in the United States after having been previously deported, without first obtaining the consent of the Attorney General. In violation of Title 8, United States Code, Section 1326(a).

I further state that I am a Special Agent and that this complaint is based on the following facts:

See Attached Affidavit

Continued on the attached and made a part hereof:  [x] Yes  [ ] No

Signature of Complainant  RHONDA J. MASKUS
IMMIGRATION & NATURALIZATION SERVICE
JANUARY 7, 2000

Sworn to before me and subscribed in my presence,

_____    at    __Miami, FL__
Date                              City and State

Name & Title of Judicial Officer    Signature of Judicial Officer

GAYLES:rjm

**<u>AFFIDAVIT</u>**

Before me the undersigned authority, on this day personally appeared Rhonda J. Maskus, who after being duly sworn, deposes and says:

1. The affiant has been a U.S. Immigration and Naturalization Service (INS) Special Agent for more than seven (7) years. The affiant is currently assigned to the INS Miami District Office of Investigations as a member of the Fraud Unit which is primarily vested with the responsibility of investigating violations of the Immigration and Nationality Act (INA) relating to document fraud (18 USC 1546 and 1028), passport fraud (18 USC 1544, 1546), and other related offenses of Title 18, United States Code.

2. The information contained in this affidavit comes from the affiant's personal knowledge and from information provided to affiant by other law enforcement officers (who may have either direct or hearsay knowledge of the information asserted). This affiant has spoken with and/or read reports written by other law enforcement concerning this investigation. Since this affidavit is being submitted for the limited purpose of providing probable cause in support of an arrest warrant, this affiant has not set forth each and every fact that was acquired during the course of this investigation.

3. On May 5, 1989, the United States Immigration & Naturalization Service (INS) deported Ruben Dario RODRIGUEZ-Campomanes to his country of birth and nationality, Uruguay. The INS deported RODRIGUEZ pursuant to Section 241(a)(2) of the Immigration and Nationality Act, in that he entered the United States without inspection.

4. At the time of his deportation, RODRIGUEZ was served with a Form I-294 (dated April 3, 1989) which notified the alien that he has been ordered deported to Uruguay and that he must ask permission of the U.S. Attorney General to return to the U.S. within five years and that if he returns to the U.S. without that permission then he is guilty of a felony.

5. The deportation of RODRIGUEZ is also supported by Form I-205, Warrant of Deportation signed on April 3, 1989. The Warrant was executed by a Detention Enforcement Officer who personally escorted RODRIGUEZ to Miami International Airport where RODRIGUEZ boarded Lan-Chile Airlines for the flight to Uruguay. RODRIGUEZ' right thumbprint and signature is on the Warrant of Deportation.

6. This Affiant conducted record checks to locate RODRIGUEZ after finding his name and telephone number on a list of customers of a fraudulent document vendor, Ricardo ANTIPAS. ANTIPAS has been indicted in the Southern District of Florida for criminal violations of Title 18, USC, Section 1546(a) pertaining to his involvement in an organized ring of fraudulent document vendors.

7. Record checks of INS indices were negative for any record of legal entry by Rodriguez into the U.S. This Affiant questioned RODRIGUEZ on his identity and confirmed that he had been deported by INS in 1989. RODRIGUEZ stated to the Affiant that he reentered the U.S. in 1990 without permission of the U.S. Attorney General or INS.

8. Based upon my training, experience, and investigation of other illegal aliens who have illegally reentered the U.S. without permission and the information set forth in this affidavit, I believe that there is probable cause to believe that Ruben Dario RODRIGUEZ-Campomanes violated Title 8, USC, Section 1326.

FURTHER AFFIANT SYAETH NAUGHT

_____
RHONDA J. MASKUS
Special Agent
U.S. Immigration and Naturalization Service
Miami, Florida

Sworn and subscribed before me this 7th day of January, 2000

_____
UNITED STATES MAGISTRATE JUDGE